IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DAHESH HAMAD

          Petitioner.

v.

UNITED STATES OF AMERICA

          Respondent.

Criminal Action Number: 3:03CR187-JRS-02
Civil Action Number 3:04CV821-JRS

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Dahesh Hamad's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons stated below, Petitioner's Motion is DENIED.

I.

On May 20, 2003, Petitioner was indicted along with six co-defendants by a federal grand jury in a thirty count indictment. On July 7, 2003, Petitioner pled guilty to Counts Four and Eighteen of the Indictment. Count Four charged Petitioner with Trafficking in Contraband Cigarettes, in violation of 18 U.S.C. § 2342. Count Eighteen charged him with Money Laundering, in violation of 18 U.S.C. § 1957. Petitioner was subsequently sentenced on November 12, 2003, to seventy-six (76) months imprisonment, three (3) years supervised release, a $200 assessment fee, and restitution in the amount of $1,702,252.80. Petitioner did not appeal from the judgment of conviction. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence was filed with the Court on November 5, 2004.

II.

Petitioner raises three claims in his § 2255 petition. First, Petitioner claims he received ineffective assistance of counsel during the plea bargaining and sentencing stages of his case. Second, Petitioner asserts that his guilty plea was not voluntary. Lastly, Petitioner contends that his sentence was imposed in violation of the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004).

III.

When bringing a motion to vacate, set aside, or correct a sentence pursuant to § 2255, a petitioner bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); United States v. King, 36 F. Supp. 2d. 705, 707 (E.D. Va. 1999). Section 2255 permits a petitioner to challenge his sentence if the sentencing court lacked jurisdiction, if petitioner's constitutional rights have been infringed upon, or if the judgment is not authorized by law or is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Petitioner in this case is pro se. Accordingly, he is subject to a less stringent standard than an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

IV.

A. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly brought under collateral review. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). To prevail on an ineffective assistance of counsel claim in the plea context, the petitioner must satisfy a modified Strickland test. Specifically, the petitioner must show that (1) counsel's performance was deficient; and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

2

on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); accord United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992); see also Strickland v. Washington, 466 U.S. 668 (1984). As to the first prong of the test, "the [movant] must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The second prong, commonly referred to as the "prejudice" prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. Failure to meet either prong defeats a petitioner's claims. Strickland, 466 U.S. at 700.

Petitioner claims that defense counsel, Mr. David L. Hauck, Esq., did not provide him with reasonably competent advice in the plea process or during the sentencing phase of his proceedings. Specifically, Petitioner asserts that Mr. Hauck failed to notice and object to calculations in his Presentence Report ("PSR") which led to an enhanced sentence, failed to secure a motion for reduction of sentence before sentencing, and failed to challenge the restitution amount. Petitioner argues that he pled guilty because of misinformation and the lack of proper advice by his attorney regarding the potential reduction of his sentence based on his cooperation with the Government. Petitioner further claims that he and his family instructed Mr. Hauck to obtain a translator. Petitioner asserts that Mr. Hauck's failure to obtain a translator disadvantaged him because he had no idea what was occurring at any of his court proceedings.

Petitioner contends that Mr. Hauck's ignorance of the sentencing guidelines, his failure to inform Petitioner of the relevant law, his failure to secure a sentence reduction and his failure to provide an interpreter satisfies the first prong of Strickland. Petitioner submits that the prejudice prong of Strickland is satisfied because he is serving an increased term of imprisonment because his

offense level was enhanced by 5 levels. Petitioner states that if he had understood the charges and the potential sentence he was facing, he would not have pled guilty.

Petitioner's assertion that Mr. Hauck's representation fell below an objective standard of reasonableness is unsupported by the record. The record indicates that Petitioner's counsel adequately discussed the trial process and the PSR with Petitioner. Mr. Hauck states that he:

> fully and completely discussed with the defendant the charges, the elements that the government needed to prove to convict the defendant, the evidence that the government could likely prove at trial, the range of punishment, the effects of the defendant's prior criminal record, the sentencing guidelines and the opportunity for the government to reduce his sentence if it deemed it appropriate.

See Hauck Aff. ¶ 9. The Court also advised Petitioner of the sentencing procedures at his Rule 11 plea hearing ("Rule 11 hearing"). At sentencing, Petitioner represented to the Court that he reviewed the PSR and had no objections. Moreover, Petitioner fails to allege any basis in which his counsel could have properly objected to the PSR or the restitution calculation.

Mr. Hauck's alleged failure to "secure" a sentence reduction is not a valid basis for Petitioner's ineffective assistance of counsel claim. Even assuming, *arguendo*, that Mr. Hauck's assistance was deficient because he advised Petitioner that he would definitely receive a sentence reduction, Petitioner has not shown that counsel's performance prejudiced him during his plea process. Any prejudice resulting from counsel's inaccurate information may be overcome if the information given by the Court at the Rule 11 hearing clarifies the earlier erroneous information given by counsel and defendant admits to understanding the court's advice.  United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995).

In the instant case, Petitioner indicated at his Rule 11 hearing that he understood the terms of his plea agreement, including the provision stating that the decision to file a motion for reduction

of sentence is within the sole discretion of the Government. See Plea Hearing Recorded Trans. July 7, 2003 (hereinafter "Plea Rec."). The Court specifically told Petitioner that the "United States Attorney is the only person who can make [a motion to reduce defendant's sentence based on his substantial assistance]" and that such a motion was not promised. Id. Petitioner then admitted to the Court that this was his understand as well. Id.[1] Accordingly, Mr. Hauck's assistance cannot be considered ineffective under Strickland for failure to secure a sentence reduction because Petitioner has not shown prejudice. See Strickland, 466 U.S. at 700 (failure to meet either prong of the Strickland test defeats a petitioner's claims.)

Petitioner's argument that Mr. Hauck refused to obtain an interpreter is also unavailing. At Petitioner's Rule 11 hearing, he stated that he understood the proceedings against him, the terms of his plea agreement, and the statement of facts submitted with the plea agreement. The Court specifically asked Petitioner if he could "get along with the English language." See Plea Rec. While Petitioner stated that he could neither read nor write in English, he stated that he understood the questions the judge was asking him. Id.

The Fourth Circuit has held that statements made by a defendant at his Rule 11 hearing are accepted as:

> "[C]onclusively" established by that proceeding unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert this Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement.

---

[1] The Government submits that it did not file a Rule 35 motion on Petitioner's behalf because Petitioner did not sufficiently cooperate with the Government's interviewing agents.

Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). Petitioner has failed to provide a valid reason why the Court should depart from the apparent truth of his statements at his Rule 11 hearing that he understood the proceedings against him. Because Petitioner has failed to meet his burden of proof under Strickland, Petitioner's ineffective assistance of counsel claim is DENIED.

B. Invalid Guilty Plea

In order for a plea of guilty to be constitutionally valid, it must be intelligently and voluntarily made. Bousley v. United States, 523 U.S. 614, 618 (1998). A guilty plea is voluntary if the defendant is fully aware of the direct consequences of his guilty plea and was not induced to plead guilty. Brady v. United States, 397 U.S. 742, 755 (1970). However, a guilty plea may be rendered involuntary if "the accused does not understand the nature of the constitutional protections that he is waiving" or because the accused "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976) (internal citations omitted). To help ensure that a plea of guilty is voluntary, the court must personally inform the defendant of the constitutional trial rights that will be waived, the nature of the charges against him, and the consequences of making a plea of guilty. Fed. R. Crim. P. 11. When challenging a guilty plea, the representations of defendant, his attorney and the prosecutor, as well as any findings made by the judge in accepting the guilty plea, stand as "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Petitioner contends that his guilty plea was invalid because Mr. Hauck failed to adequately inform him of the nature of the charges against him and the consequences of his plea. Petitioner further submits that the Court failed to inform him of the exact number of years he would be imprisoned and failed to inquire whether he understood all the references to the United States

Sentencing Guidelines. Petitioner alleges that the Rule 11 hearing conducted by the Court failed to ensure that he understood the elements of the crimes with which he was charged, and was completely "set up" by Mr. Hauck so that the guilty plea would be accepted by the Court. Petitioner states that he would not have pled guilty had he been aware of the actual sentencing exposure after a trial by jury as opposed to pleading guilty.

Petitioner's guilty plea is not rendered involuntary simply because his attorney may have improperly predicted his sentencing range. The Court advised Petitioner in detail at his Rule 11 hearing about the Sentencing Guidelines procedure. As part of the Sentencing Guidelines discussion, the Court stated to Petitioner that, "Noone can predict what sentence Judge Spencer will impose under the Guidelines. That's going to be something that will have to be determined later. Do you understand that?" Petitioner responded, "Yes." See Plea Rec. Since the Court explained to Petitioner how his sentencing range would be determined and Petitioner stated that he understood how this determination worked, Petitioner's plea cannot be considered involuntary on this ground. See Lambey, 974 F.2d at 1394 (Rejecting defendant's motion to withdraw guilty plea based on his lawyers inaccurate predication of his sentence because Rule 11 proceeding warned defendant that "his plea was not being given for a specific sentence or sentence range, but rather that the sentence would be determined by the court").

Petitioner's allegations that he did not understand the character of the plea agreement he signed is also without merit. The Court went into great detail to make sure that Petitioner understood the proceedings. The Court identified the crimes charged in the indictment and described the maximum penalty permitted by statute. See Plea Rec. The Court asked whether Petitioner had reviewed the charges with his attorney, discussed every element of the offenses the Government

would have to prove if he went trial, and went through each essential term of the plea agreement to make sure Petitioner understood what rights he was waiving and what benefits he was receiving. Id. Petitioner stated that he understood all the provisions described by the Court. The Rule 11 hearing conducted by the Court sufficiently ensured that Petitioner understood the terms and the nature of the charges in his plea agreement.

Petitioner further argues that the plea agreement is an unconscionable contract under § 3.305 of the Uniform Commercial Code ("U.C.C."). Specifically, Petitioner contends that he signed the plea agreement under the misapprehension that is was "merely a receipt of a different kind." Petitioner states that he was induced into thinking that a plea agreement was in his best interests, and he did not have knowledge nor a reasonable opportunity to obtain knowledge as to the document's "essential terms." Petitioner's argument that the plea agreement is an unconscionable contract is misplaced. The U.C.C. provision cited by Petitioner governs commercial paper, not plea agreements. Accordingly, the evidence indicates that Petitioner's plea was knowingly and voluntarily entered.

C. Blakely Claim

Finally, Petitioner asserts that his sentence is in violation of his Sixth Amendment rights in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Given the recent decision in United States v. Booker, 543 U.S. ___ , 125 S. Ct. 738 (2005), the Court will consider the impact of that holding on Petitioner's motion.

Any challenge premised on Blakely, and now Booker, fails on its merits because, as with Apprendi and other cases applying its principles, Booker does not apply retroactively to matters pending on collateral review. Although the Fourth Circuit has not directly addressed the question of whether Booker applies retroactively on collateral review to initial § 2255 petitions, every circuit

court that has addressed the question concluded that Booker does not apply retroactively. See Humphress v. United States, 2005 U.S. App. LEXIS 3274, 2005 FED App. 94P, 2005 WL 433191, at *7 (6th Cir. 2005); Varela v. United States, 2005 U.S. App. LEXIS 2768, 2005 WL 367095, at *3-4 (11th Cir. Feb. 17, 2005); McReynolds v. United States, 397 F.3d 479, 2005 U.S. App. LEXIS 1638, 2005 WL 237642, at *2 (7th Cir. 2005); see also Coleman v. United States, 329 F.3d 77 (2d Cir. 2003) (holding that Apprendi does not apply retroactively).

Moreover, neither Apprendi nor Blakely have been held to apply retroactively to cases pending on collateral review. See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) ("[N]either the Supreme Court nor any of our sister circuits have held that Apprendi is retroactively applicable on collateral attack."); United States v. Marshall, 2004 U.S. App. LEXIS 26699 (4th Cir. 2004) (stating that the Supreme Court has not made its ruling in Blakely retroactive to cases on collateral review); In re Dean, No. 04-13244, 2004 U.S. App. LEXIS 14191, *7 (11th Cir., July 9, 2004) ("[T]he Supreme Court has strongly implied that Blakely is not to be applied retroactively."). Accordingly, Booker does not apply retroactively to cases pending on collateral review and it does not offer Petitioner any relief from his sentence.

V.

For the above outlined reasons, Petitioner's § 2255 motion is DENIED.

An appropriate Order shall issue.

ENTERED this __26__ day of AUGUST, 2005

                                          /s/ James R. Spencer
                                          JAMES R. SPENCER
                                          UNITED STATES DISTRICT JUDGE